## G. C. ALLEN v. STATE.

No. A-1777.   Opinion Filed July 26, 1913.

(133 Pac. 1138.)

1.  APPEAL—Credibility of Witnesses. When a fair and impartial trial is had in a trial court, and no effort is made to impeach the prosecuting witness, either directly or indirectly, an attack in this court upon his credibility is wholly without merit and unwarranted.

2.  HEALTH—Anti-Cigarette Law. The anti-cigarette law was enacted by the Legislature for the purpose of being observed and enforced, and so long as it is on the statutes, it is the duty of

public officials to see that infractions thereof are punished as provided.

*Appeal from County Court, Garfield County;*
*Winfield Scott, Judge.*

G. C. Allen was convicted of violating the anti-cigarette law, and appeals. Affirmed.

*McKeever & Walker* and *W. T. Church,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. Plaintiff in error, G. C. Allen, was tried and convicted at the April, 1912, term of the county court of Garfield county on a charge of having unlawfully sold cigarette papers to one Howard L. Reynolds. His punishment was fixed at a fine of $100.

The material testimony on behalf of the state was by witness J. F. Burford, the substance of which is that he and Reynolds went into the drug store of the accused, in the city of Enid, and drank a coca-cola; that Reynolds asked the accused for some cigarette papers; that the accused reached underneath a cash register, took out two red books, commercially known as "L. L. F.," and gave them to Reynolds, who paid him 10 cents therefor. The material testimony on behalf of the accused was given by him, and in substance may be stated as follows: That the accused never at any time saw the prosecuting witness in his store, and never sold to anybody with him any article of any kind in response to a request for cigarette papers.

Counsel filed an extended brief in this court wherein they attack the credibility of the prosecuting witness. The record does not disclose a single suggestion that the credibility of the witness was attacked at the trial. No question was asked him on cross-examination, and no witness was offered or questioned relative to his credibility. The members of this court know nothing of the credibility of the respective witnesses introduced at the trial; and, even if they did, in the absence of any testimony, showing, or contention on the trial, that he was not a credible person, such

question cannot be raised, and avails nothing here. As said, *supra,* there is nothing in the record to indicate that prosecuting witness was otherwise than thoroughly credible.

There are no material errors disclosed by the record. This is the first case that has come to this court upon a prosecution for a violation of this particular statute. If prosecuting attorneys, courts, and juries will follow the example of enforcing this provision of the statute, as set by the county court of Garfield county in this case, the practice of selling these prohibited articles, among many others the Legislature has penalized, would be greatly diminished. It is a violation of the law to sell or give away cigarette papers in Oklahoma, and so long as such a law is in the statute, it should be observed, and the violations thereof punished.

The judgment of the trial court is in all things affirmed.

DOYLE and FURMAN, JJ., concur.